Byrd v. Appalachian Mtn. Club          CV-95-625-JD   07/16/97
                  UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


Betsy J. Byrd, et al.

        v.                              Civil No. 95-625-JD

Appalachian Mountain Club


                              O R D E R

        The defendant has filed a motion to dismiss plaintiff Roy
Byrd's claim for loss of consortium (document no. 79).  In
support of its argument, the defendant notes that, under New
Hampshire law, a spouse can recover for loss of consortium only
if the other spouse is physically injured by the defendant, and
contends that (1) Betsy Byrd "has not alleged that she was
physically injured by the defendant's conduct and has expressly
waived any claims for severe emotional distress"; and (2) any
recovery by Roy Byrd for loss of consortium would necessarily be
"on account of [Betsy Byrd's] personal injury or death," and
therefore is barred by the exclusivity provision of the New
Hampshire Workers Compensation Act, N.H. Rev. Stat. Ann. ("RSA")
§ 281-A:8.

        The court finds both arguments compelling.  As to the first,
the court notes that, by order dated September 10, 1996, it
granted the defendant's assented-to motion to strike that portion
of Betsy Byrd's wrongful discharge claim seeking damages for

"emotional distress with resulting physical symptoms."  In the absence of any other allegation that Betsy Byrd was physically injured as a result of the defendants' conduct, Roy Byrd's loss of consortium claim must fail.  See Miller v. CBC Cos., 908 F. Supp. 1054, 1069 (D.N.H. 1995) ("New Hampshire requires that one spouse suffer physical injury in order for the other spouse to recover loss of consortium damages.").

As to the second argument, it is well settled that the exclusivity provision of the workers' compensation statute, RSA § 291-A:8(I) "bars employees from suing their employers for personal injuries arising out of the employment relationship." Censullo v. Brenka Video, Inc., 989 F.2d 40, 43 (1st Cir. 1993); see also Frechette v. Wal-Mart Stores, Inc., 925 F. Supp. 95, 99 (D.N.H. 1995) ("personal injuries arising out of the employment relationship," as defined in Censullo, include those suffered solely as a result of being terminated from one's employment). This bar extends not only to claims brought by an injured employee, but to the claims of an injured employee's spouse seeking to recover damages from the employee-spouse's employer "on account of the employee[-spouse]'s personal injury or death."

RSA § 281-A:8(II) (Supp. 1996).[1]  Because a spouse who seeks

damages for loss of consortium against an employee-spouse's

employer is, by definition, entitled to recover such damages only

"on account of the [employee-spouse's] personal injury or death,"

it follows that the exclusivity provision of the workers'

compensation statute bars a spouse's action against the employee-

spouse's employer for loss of consortium based on the wrongful

termination of the employee-spouse.

Accordingly, the defendant's motion to dismiss plaintiff Roy

Byrd's claim for loss of consortium (document no. 79) is granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

July 16, 1997

cc:  Christopher E. Grant, Esquire
     Paul McEachern, Esquire
     Martha V. Gordon, Esquire

---

[1]This provision reads:

> The spouse of an employee entitled to benefits under this chapter, or any other person who might otherwise be entitled to recover damages on account of the employee's personal injury or death shall have no direct action, either at common law or by statute or otherwise, to recover for such damages against [the employee's employer or the employee's co-employees].

3